AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No.
)
Alcatel ) 1:20MJ-173
Model: 5044R )
IMEI: 015026003060983 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the ____Southern____ District of ____Ohio____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) | Distribution of a Controlled Substance |
| 21 U.S.C. 846 | Conspiracy to Distribute a Controlled Substance |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Tyler D. Field, Special Agnet DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 2/12/20
_____
*Judge's signature*

City and state: Cincinnati, Ohio
Hon. Karen L. Litkovitz, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

The property to be searched:

**Subject Telephone 1:** Alcatel, Model: 5044R, IMEI: 015026003060983

**Subject Telephone 2:** iPhone IMEI: 358853102987039

**Subject Telephone 3:** Alcatel Model: 4015T IMEI: 013929000758792

**Subject Telephone 4:** iPhone Model: A1241; Serial Number: 889284H8Y7H; IMEI: 011933009234435

**Subject Telephone 5:** LG Model: LGL34C, MEID DEC: 270113183808537125

**Subject Telephone 6:** LG IMEI: 354064086724141, S/N: 708CQUK672414

**Subject Telephone 7:** Samsung, Model: SM-B311V, FCC ID: A3LSMB311V

**Subject Telephone 8:** ZTE, Model: Z557BL, IMEI: 865356036316339

The above items are currently located at the DEA Cincinnati Resident Office, 36 E. 7th Street, Suite 1900, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

1. All records on the Subject Telephones described in Attachment A that relate to violations of **21 U.S.C. §§ 846** and involve **Jerry VAUGHN Jr.,** and other yet known and unknown individuals including:

   a. Evidence that shows the Device was used to further facilitate the distribution of illegal narcotics;
   b. lists of customers and related identifying information;
   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   e. any information recording schedules or travel;
   f. any and all stored telephone numbers;
   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
   h. Any and all emails, sent, received, delete, draft and/or saved;
   i. any and all voicemails;
   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
   k. Any and all data retrieved from Apps on the device;
   l. any and all entries made in a calendar and/or notebook feature;
   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF CELLULAR TELEPHONES DESCRIBED AS:<br><br>Alcatel<br>Model: 5044R<br>IMEI: 015026003060983<br><br>iPhone<br>IMEI: 358853102987039<br><br>Alcatel<br>Model: 4015T<br>IMEI: 013929000758792<br><br>iPhone<br>Model: A1241<br>Serial Number: 889284H8Y7H<br>IMEI: 011933009234435<br><br>LG<br>Model: LGL34C<br>MEID DEC: 270113183808537125<br><br>LG<br>IMEI: 354064086724141<br>S/N: 708CQUK672414<br><br>Samsung<br>Model: SM-B311V<br>FCC ID: A3LSMB311V<br><br>ZTE<br>Model: Z557BL<br>IMEI: 865356036316339 | CASE NO.<br><br><br><br>**UNDER SEAL** |

**Located at the** DEA Cincinnati Resident Office

36 E. 7th Street, Suite 1900
Cincinnati, Ohio

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Tyler D. Field, a Special Agent with the Drug Enforcement Administration (DEA), being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—eight electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent (SA) of the Drug Enforcement Administration (DEA) and have been so employed since March 2016. I also serve as a U.S. Army Military Police Major in the Indiana Army National Guard and have done so for over eighteen years. Prior to being employed with the DEA, I was employed as a police officer for the Town of Bridgewater, Massachusetts for over three years. I have graduated from the U.S. Army Military Police School, Plymouth Police Academy, and DEA Basic Agent Academy. During those courses I received training in the investigation of offenses involving controlled substances. As a Special Agent of the DEA, my duties and responsibilities include conducting criminal investigations for violations of federal law, particularly those found in Title 21 and Title 18 of the United States Code. As a DEA agent, I have participated in approximately twenty criminal investigations seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code)

3. I am currently assigned to the Cincinnati Resident Office of the DEA. I received specialized training from the DEA, including the 18-week Basic Agent Training course. That training focused on methods of unlawful drug trafficking; the identification of controlled substances; surveillance; undercover operations; confidential source management; the means by which drug traffickers derive, launder, and conceal their profits from drug trafficking; the use of assets to facilitate unlawful drug trafficking activity; and the law permitting the forfeiture to the United States of assets purchased with drug proceeds or assets used or intended to be used to facilitate the drug violations.

4. As a DEA Agent, I have participated in approximately twenty criminal investigations and in the execution of numerous search warrants seeking evidence of violations of the Federal Controlled Substances Act (Title 21, of the United States Code). These warrants covered the search of locations to include: residences of drug traffickers and their co-conspirators/associates, drug manufacturing operations, stash houses used as storage and distribution points for controlled substances, as well as the search of Facebook profiles, e-mail accounts, and mobile telephones.

5. Through my training and experience, I know that those involved in the illegal sale and distribution of narcotics often store in their cell phones and mobile devices, contact information for their associates so that they may stay in ready contact with their customers and source(s) of supply. Often the information stored in the contact list may be in the form of a code to conceal the true identity of the contact.

6. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show only

3

that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

8. The property to be searched:

**Subject Telephone 1:** Alcatel, Model: 5044R, IMEI: 015026003060983

**Subject Telephone 2:** iPhone IMEI: 358853102987039

**Subject Telephone 3:** Alcatel Model: 4015T IMEI: 013929000758792

**Subject Telephone 4:** iPhone Model: A1241; Serial Number: 889284H8Y7H IMEI: 011933009234435

**Subject Telephone 5:** LG Model: LGL34C, MEID DEC: 270113183808537125

**Subject Telephone 6:** LG IMEI: 354064086724141, S/N: 708CQUK672414

**Subject Telephone 7:** Samsung, Model: SM-B311V, FCC ID: A3LSMB311V

**Subject Telephone 8:** ZTE, Model: Z557BL, IMEI: 865356036316339

9. The subject telephones were located and seized from Jerry VAUGHN Jr., in Dayton, Ohio, referred hereinafter to as the **SUBJECT TELEPHONES**. The above items are currently in the custody of DEA Cincinnati.

10. The applied-for warrant would authorize the forensic examination of the **SUBJECT TELEPHONES** for the purpose of identifying electronically stored data particularly described in Attachment B.

## SUMMARY OF INVESTIGATION

11. On January 24, 2020, the Honorable Stephanie K. Bowman, United States Magistrate Judge in the Southern District of Ohio, signed a warrant authorizing the search of a Buick Lucerne with temporary Ohio license plates K141373 and VIN: 1G4HC5EM6BU140886 (VAUGHN Jr.'s

4

vehicle), a blue Subaru Outback, Ohio license plate HYD2241, VIN: 4S4BRCCC9C3214280, and 609 N. Eppington Drive, Trotwood, OH 45426, the primary residence of Jerry VAUGHN Jr..

12. On January 27, 2020 at approximately 1:03 p.m., Shannon HIGGINS Sr. departed the area of 1575 Mandarin Drive, Cincinnati, Ohio according to a court-authorized GPS tracking device installed on a white Ford Taurus with Ohio License plates HXR3481 (HIGGINS Sr.'s vehicle). HIGGINS Sr.'s vehicle travelled directly to Luxury Sports Auto Sales located at 5360 W. 3rd Street, Dayton, Ohio, arriving at approximately 1:57 p.m. Officers/agents observed, via a camera, HIGGINS Sr.'s vehicle park in the parking lot of Luxury Sports Auto Sales.

13. At approximately 1:53 p.m., VAUGHN Jr.'s vehicle departed the area of VAUGHN Jr.'s residence located at 609 N. Eppington Drive, Dayton, Ohio according to a court-authorized GPS tracking device installed on VAUGHN Jr.'s vehicle. VAUGHN Jr.'s vehicle travelled directly to Luxury Sports Auto Sales, arriving at approximately 2:03 p.m. Officers/agents observed VAUGHN Jr. exit the driver's door of VAUGHN Jr.'s vehicle with his left hand in his left pocket and enter the front passenger door of HIGGINS Sr.'s vehicle. Approximately one minute later, VAUGHN Jr. exited the front passenger door of HIGGINS Sr.'s vehicle and entered the driver's seat of VAUGHN Jr.'s vehicle. Based on my training and experience, I am aware the meetings between drug traffickers to distribute controlled substances are often brief.

14. At approximately 2:04 p.m., HIGGINS Sr. departed Luxury Sports Auto Sales. HIGGINS's vehicle travelled directly to I-75 south travelling towards Cincinnati. Following HIGGINS Sr.'s departure, VAUGHN Jr. remained inside of VAUGHN Jr.'s vehicle. At approximately 2:24 p.m., VAUGHN Jr.'s vehicle departed Luxury Sports Auto Sales and was followed by surveillance.

15. At approximately 2:36 p.m., Ohio State Highway Patrol (OSHP) troopers operating marked OSHP vehicles conducted a traffic stop on HIGGINS Sr.'s vehicle on I-75 south north of state route 129. The troopers detained HIGGINS Sr. and directed him to the rear of one of their marked

5

vehicles. TFO David Theobald then directed his canine partner "Jaki" to conduct an open air sniff of HIGGINS Sr.'s vehicle and "Jaki" alerted to the right front tire on the downside of the vehicle. TFO Theobald and his canine "Jaki" are a currently certified narcotics team. The team is certified by the Ohio Peace Officer Training Commission and the Office of the Attorney General (Ohio). TFO Theobald reports that "Jaki" passed all of his examinations and has successfully located hidden drugs in the past and therefore your Affiant considers "Jaki" to be reliable. Troopers subsequently searched the vehicle and located a black plastic underneath the front passenger seat. Inside the black plastic bag troopers observed two clear plastic bags containing approximately 487.9 grams of cocaine. HIGGINS Sr. was then placed under arrested and transported to the Cincinnati Police Department for processing.

16. At approximately 3:03 p.m., Trotwood Police officers stopped VAUGHN Jr.'s vehicle. Officers took VAUGHN Jr. in custody and transported him to the Trotwood Police Department. During a search of VAUGHN Jr.'s vehicle, officers/agents located $15,502.00, as well as two (2) phones, **SUBJECT TELEPHONES 1** and **2**. I believe the currency recovered to be drug proceeds which VAUGHN Jr. obtained from HIGGINS Sr. Based on my training and experience, the amount of United States currency recovered from VAUGHN Jr.'s vehicle is consistent with the value of narcotics recovered from HIGGINS Sr.'s vehicle. I therefore believe that HIGGINS Sr. had purchased the approximately 487.9 grams of cocaine from VAUGHN Jr. for $15,502 when they met at Luxury Sports Auto Sales.

17. On January 27, 2020, agents/officers executed a search warrant of the primary residence of Jerry VAUGHN, at 609 N. Eppington Dr. Trotwood, OH 45426. During the search of the residence, agents/officers seized: $134,467.00 in suspected drug proceeds, two (2) firearms, approximately 780.09 grams of cocaine, and five (5) phones, **SUBJECT TELEPHONES 3-7** from the residence. Officers/agents also searched the Subaru which was parked on the street

6

directly in front of 609 N. Eppington Drive and seized **SUBEJCT TELEPHONE 8**. The Subaru is registered to and owned by VAUGHN Jr.

18. Based on my training, experience, discussions with other law enforcement officers/agents, my knowledge that VAUGHN Jr. drove to Luxury Sports Auto Sales in VAUGHN Jr.'s vehicle, my belief that HIGGINS Sr. obtained approximately 487.9 grams of cocaine from VAUGHN Jr. at Luxury Sports Auto Sales, my knowledge that officers/agents subsequently seized suspected drug proceeds and **SUBJECT TELEPHONES 1 and 2** from VAUGHN Jr.'s vehicle, my knowledge that officers/agents seized suspected drug proceeds, two (2) firearms, approximately 780.09 grams of cocaine, and **SUBJECT TELEPHONES 3 through 7** from VAUGHN Jr.'s residence, located at 609 N. Eppington Dr. Trotwood, OH 45426, and my knowledge that **SUBJECT TELEPHONE 8** was in the Subaru which was parked in front of 609 N. Eppington Drive, I believe VAUGHN Jr. utilized the **SUBJECT TELEPHONES 1 through 8** in furtherance of drug trafficking, and in violation of Title 21, United States Codes, Section 846.

19. Through my training and experience, I am aware that drug traffickers often communicate with their customers, couriers, and/or associates through the use of cellular telephones or use of multiple telephones or other devices, to avoid detection by law enforcement. Based on the above facts and circumstances, I believe the contents on **SUBJECT TELEPHONES** will lead to information that can identify possible stash house locations, money laundering techniques, and other co-conspirators. Lastly, I believe that probable cause exists to search the **SUBJECT TELEPHONES**.

Respectfully submitted,

_____
Tyler D. Field
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 12 day of February, 2020.

_____
Honorable Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A

The property to be searched:

**Subject Telephone 1:** Alcatel, Model: 5044R, IMEI: 015026003060983

**Subject Telephone 2:** iPhone IMEI: 358853102987039

**Subject Telephone 3:** Alcatel Model: 4015T IMEI: 013929000758792

**Subject Telephone 4:** iPhone Model: A1241; Serial Number: 889284H8Y7H; IMEI: 011933009234435

**Subject Telephone 5:** LG Model: LGL34C, MEID DEC: 270113183808537125

**Subject Telephone 6:** LG IMEI: 354064086724141, S/N: 708CQUK672414

**Subject Telephone 7:** Samsung, Model: SM-B311V, FCC ID: A3LSMB311V

**Subject Telephone 8:** ZTE, Model: Z557BL, IMEI: 865356036316339

The above items are currently located at the DEA Cincinnati Resident Office, 36 E. 7th Street, Suite 1900, Cincinnati, Ohio.

This warrant authorizes the forensic examination of the Subject Telephones for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Subject Telephones described in Attachment A that relate to violations of **21 U.S.C. §§ 846** and involve **Jerry VAUGHN Jr.,** and other yet known and unknown individuals including:

   a. Evidence that shows the Device was used to further facilitate the distribution of illegal narcotics;
   b. lists of customers and related identifying information;
   c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;
   d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);
   e. any information recording schedules or travel;
   f. any and all stored telephone numbers;
   g. any and all text messages, to include incoming, outgoing, saved, deleted, and drafts;
   h. Any and all emails, sent, received, delete, draft and/or saved;
   i. any and all voicemails;
   j. any and all photographs, electronic images, video recordings, and/or images saved and/or deleted on the cellular device;
   k. Any and all data retrieved from Apps on the device;
   l. any and all entries made in a calendar and/or notebook feature;
   m. any and all personal numbers associated with the cellular device to include the telephone number, push-to-talk number, make, model, carrier, ESN, IMEI, ICCID, MEID, SEID, and or IMSI.

2. Evidence of user attribution showing who used or owned the Subject Telephones at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.